UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
WESTERN DIVISION

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
GREEN BAY DIV.

'06 JAN 20 P4:42

FILED
SOFRON B. NEDILSKY

| | |
|---|---|
| Frederick K. Sheppard<br>2649 Bay Settlement Road<br>Green Bay, WI 54311<br><br>        Plaintiff<br><br>v.<br><br>The Music Link Corporation<br>c/o Steve Patrino<br>380 Valley Drive<br>Brisbane, CA 94005<br><br>Maher Publications, Inc.<br>c/o John Maher Jr.<br>102 N. Haven Road.<br>Elmhurst, Ill 60126-2932<br><br>        Defendants | Case No.: 06-C- 93 |

## COMPLAINT

### The Parties and Factual Background

1. The Plaintiff, Frederick K. Sheppard ("Plaintiff"), is an adult resident of the State of Wisconsin, currently residing at 2649 Bay Settlement Road, Green Bay, WI 54311.

2. The Defendant The Music Link Corporation ("TML") is, upon information and belief, a California Corporation, whose principal offices are located at P.O. Box 162, Brisbane California, 94005, and whose registered agent for service of process in California is Steve Patrino, 380 Valley Drive, Brisbane, California, 94005.

-1-

3. The Defendant Maher Publications, Inc. (Maher Publications), is, upon information and belief, an Illinois Corporation, whose principal offices are located at 102 N Haven Rd., Elmhurst IL 60126, and whose registered agent for service of process is John J. Maher Jr., 102 N. Haven Road, Elmhurst Illinois, 60126.

4. Plaintiff is the owner of United States Federal Trademark Registration Number 2925291, "Recording King," for stringed musical instruments, including, but not limited to guitars. Said mark was registered on the Principal Register on February 8, 2005. (Exhibit 1.)

5. Plaintiff builds and sells high-quality, handmade guitars using the name "Recording King." Plaintiff began selling guitars under the name "Recording King" at least as early as 1983. Plaintiff has made sales of guitars bearing the name "Recording King" across the country, including the states of Minnesota, Montana and Utah. Plaintiff markets his "Recording King" guitars, inter alia, via his website, www.parachodelnorte.com/RecKingGuitars, which was launched in 2004 and wherein the trademark "Recording King" is prominently featured. (Exhibit 2.) Plaintiff's guitars sell for several thousands of dollars and have been sold to, inter alia, professional performing musicians. After his mark was registered, but prior to December 2005, Plaintiff was contacted by representatives of TML and engaged in unsuccessful negotiations for the licensing of his trademark "Recording King."

6. TML registered the domain name www.recordingking.com on or about March 3, 2005. (Exhibit 3.) Upon information and belief, on or about December 2005, TML launched its website www.recordingking.com, whereby it began marketing and promoting for sale several lines of inexpensive "western collectible guitars" using the name "Recording King." (Exhibit 4.) These guitars are marketed as "authentic cowboy original[s]." (Exhibit 4.) The trademark "Recording

King" is prominently featured on this website in several locations and on the guitars being marketed and promoted for sale.

7. On December 19, 2005, Plaintiff sent TML and its attorney a cease and desist letter, putting TML on notice that it was infringing upon Plaintiff's trademark and demanding that it cease all infringing activities. (Exhibit 5.)

8. TML's "cowboy guitars" are made in China and are represented as "handcrafted musical instruments." (Exhibits 6-7). The packaging for these guitars prominently uses the "Recording King" trademark and states that "Recording King is a Division of The Music Link." (Exhibits 8, 9, 10). The name "Recording King" appears prominently on the body of the guitar. (Exhibits 11, 12). Said guitars are packaged to include a "Certificate of Authenticity," a song book, and a guitar strap, all of which prominently display the name "Recording King." (Exhibits 17, 18, 19.)

9. On or about December 9, 2005, TML announced its issuance of these "cowboy guitars" on the internet website www.harmony-central.com, via an internet press release entitled, "Recording King Introduces New Cowboy Guitar." (Exhibit 13.) This website, prominently features the name "Recording King" in several locations, provides a link to www.recordingking.com, features a picture of TML's guitar bearing the name "Recording King," and notes that these "cowboy guitars" have a list price of $199.99. (Exhibit 13.)

10. At least one of TML's "Recording King" cowboy guitars has been sold to a consumer in Wisconsin. (Exhibit 14.)

11. TML advertises and promotes for sale guitars in its "Western Collectible Guitar Series" bearing the name "Recording King" in its 2006 Dealer Catalog, with the price starting at

-3-

$89.94. (Exhibit 15.) This catalog is distributed to Wisconsin businesses, including firms in Green Bay. (Exhibit 15.)

12. TML advertises and promotes for sale guitars in its "Western Collectible Guitar Series" bearing the name "Recording King" in a musical publication entitled "music inc." (Exhibit 16.) This publication is distributed to Wisconsin businesses, including firms in Green Bay. (Exhibit 16.)

13. Upon information and belief, Defendant Maher Publications publishes the trade periodical "music inc." Said periodical contains advertisements for TML's "Western Collectible Guitar Series" bearing the name "Recording King." (Exhibit 16.)

## Jurisdiction and Venue

14. This court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a).

15. Personal Jurisdiction over TML in this district is proper in that TML has solicited and conducted business in the State of Wisconsin via the internet and various trade magazines directed to Wisconsin, thereby purposefully availing itself of the benefits and protections of the laws of the State of Wisconsin.

16. Personal jurisdiction over TML is proper under Wisconsin's long-arm statute, Wis. Stat. § 801.05(1)(d) because TML regularly solicits business in the State of Wisconsin and thereby is engaged in substantial and not isolated activities within this state. Additionally, and in the alternative, personal jurisdiction is proper under Wisconsin's long-arm statute, Wis. Stat. § 801.05(3) because TML has injured Plaintiff and his trademark by sending trade magazines into the state of Wisconsin, advertising guitars under the name "Recording King." Additionally, and in the

-4-

alternative, personal jurisdiction is proper under Wisconsin's long-arm statute, Wis. Stat. § 801.05(4) because TML has injured Plaintiff and his trademark by advertising, promoting, and selling guitars under the name "Recording King" outside this state, which activities have injured Plaintiff and his trademark. Further, solicitation activities by and on behalf of TML were carried on within this state, and products, materials, or things manufactured by TML were consumed or used in this state in the ordinary course of trade.

17. Personal jurisdiction over Maher Publications in this district is proper in that Maher Publications has conducted business in the State of Wisconsin by selling and distributing copies of its magazine "music inc." to residents of the State of Wisconsin, and the City of Green Bay, thereby purposefully availing itself of the benefits and protections of the laws of the State of Wisconsin.

18. Personal jurisdiction over Maher Publications is proper under Wisconsin's long-arm statute, Wis. Stat. § 801.05(1)(d) because Maher Publications regularly solicits business in the State of Wisconsin and thereby is engaged in substantial and not isolated activities within this state. Additionally, and in the alternative, personal jurisdiction is proper under Wisconsin's long-arm statute, Wis. Stat. § 801.05(3) because Maher Publications has injured Plaintiff and his trademark by sending trade magazines into the state of Wisconsin, advertising guitars under the name "Recording King."

### First Cause of Action Against TML: Federal Trademark Infringement

19. Plaintiff re-alleges and incorporates by reference herein the allegations contained in paragraphs 1-18 of the complaint.

20. Plaintiff's federal registration on the Principal Register for the mark "Recording King" constitutes prima facie evidence of the validity of the registered mark, of the registration of the mark,

of the Plaintiff's ownership of the mark, and of the Plaintiff's exclusive right to use the mark in commerce pursuant to 15 U.S.C. § 1115(a).

21. TML's wrongful use and appropriation of Plaintiff's trademark is likely to cause confusion and mistake as to the origin and sponsorship or authorization of Plaintiff's goods and is likely to destroy the origin-identifying function of Plaintiff's trademark.

22. TML's aforementioned acts constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114(1).

23. TML's aforementioned acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

24. As a proximate result of TML's actions, Plaintiff has suffered and will continue to suffer substantial damage to his business, goodwill, reputation, profits, and the strength of his trademark. The injury to Plaintiff is and continues to be ongoing and irreparable. An award of monetary damages cannot fully compensate Plaintiff for his injuries and therefore Plaintiff lacks an adequate remedy at law.

**Second Cause of Action Against TML: False Designation of Origin and False Description**

25. Plaintiff re-alleges and incorporates by reference herein the allegations contained in paragraphs 1-24 of the complaint.

26. TML's aforementioned use of Plaintiff's trademark "Recording King" on its products, containers, and advertising and promotional materials in commerce, including its description and representation that its guitars are "handcrafted musical instruments," is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of TML with Plaintiff and/or as to the origin sponsorship, or approval of the goods.

Case 1:06-cv-00093-WCG    Filed 01/20/06    Page 6 of 10    Document 1

27. The forgoing acts and conduct by TML constitute a violation of 15 U.S.C. § 1125(a).

28. TML, upon information and belief, imports goods into the United States that are marked or labeled in contravention of 15 U.S.C. § 1125(a), and thus has violated 15 U.S.C. § 1125(b).

29. As a proximate result of TML's actions, Plaintiff has suffered and will continue to suffer great damage to his business, goodwill, reputation, profits, and the strength of his trademark. The injury to Plaintiff is and continues to be ongoing and irreparable. An award of monetary damages cannot fully compensate Plaintiff for his injuries and therefore Plaintiff lacks an adequate remedy at law.

### Third Cause of Action Against TML: CyberSquatting

30. Plaintiff re-alleges and incorporates by reference herein the allegations contained in paragraphs 1 though 29 of the complaint.

31. The foregoing acts and conduct of TML establishes that TML possesses a bad faith intent to profit from Plaintiff's trademark "Recording King."

32. TML has registered and used a domain name, namely www.recordingking.com, that is identical and/or confusingly similar to plaintiff's mark.

33. Plaintiff's trademark "Recording King" is inherently distinctive and was so at the time of the registration of said domain name.

34. That the conduct of TML constitutes a violation of 15 U.S.C. § 1125(d)(1).

### First Cause of Action Against Maher Publications: Federal Trademark Infringement

35. Plaintiff re-alleges and incorporates by reference herein the allegations contained in paragraphs 1-24 of the complaint.

36. Defendant Maher Publications, sells and distributes copies of its magazine "music inc.," containing advertisements for TML's guitars bearing the name "Recording King" in commerce.

37. The aforementioned conduct and activities by Maher Publications is likely to cause confusion, or to cause mistake, or to deceive as to the origin and sponsorship or authorization of Plaintiff's goods and is likely to destroy the origin-identifying function of Plaintiff's trademark.

38. Said conduct constitutes trademark infringement in violation of 115 U.S.C. § 1114(1).

39. As a proximate result of Maher Publications' actions, Plaintiff has suffered and will continue to suffer substantial damage to his business, goodwill, reputation, profits, and the strength of his trademark. The injury to Plaintiff is and continues to be ongoing and irreparable. An award of monetary damages cannot fully compensate Plaintiff for his injuries and therefore Plaintiff lacks an adequate remedy at law.

WHEREFORE, the Plaintiff demands judgment against The Music Link Corporation as follows:

a. That TML, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with TML who receive actual notice of the Court's order by personal service or otherwise, be permanently enjoined, pursuant to 15 U.S.C. § 1116(a), from: 1) using Plaintiff's trademark "Recording King" or any variation thereof, in connection with the manufacture, promotion, marketing, advertising, public relations, importation, and/or sale of guitars, including use of the name on the internet or as a domain name, e-mail address, metatag, or invisible data in relation thereto; 2) doing any other act or thing likely to induce the belief that TML's guitars are in anyway connected with, sponsored, affiliated, licenses, or endorsed by plaintiff; 3) doing any other act or thing that infringes upon Plaintiff's rights in the trademark "Recording King."

b. That TML, in accordance with 15 U.S.C. § 1116(a), be directed to file with this court and serve upon Plaintiff within thirty days after service of the permanent injunction a report in writing under oath, setting forth in detail the manner and form in which TML has complied with the permanent injunction.

c. For monetary relief, including TML's profits, actual damages sustained by the Plaintiff, the costs of the action, treble damages, and attorney fees pursuant to 15 U.S.C. § 1117(a).

d. For a destruction order pursuant to 15 U.S.C. § 1118, ordering that all labels, signs, prints, packages, wrappers, receptacles, and the word, term, name, symbol, device, combination thereof, designation, description, or representation that is the subject of the violation, or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same, shall be delivered up and destroyed.

e. For an order requiring cancellation or forfeiture of the domain name www.recordingking.com or the transfer of the domain name to Plaintiff.

f. For any other relief the Court deems just and equitable.

WHEREFORE, the Plaintiff demands judgment against Maher Publications as follows:

a. For a permanent injunction pursuant to 15 U.S.C. §§ 1114(2)(A)-(C) and 1116(a), prohibiting it from presenting advertisements of TML's guitars bearing the name "Recording King" in future printings of "music inc." or any other magazine or periodical currently carrying said advertisements.

b. That Maher Publishing, in accordance with 15 U.S.C. § 1116(a), be directed to file with this court and serve upon Plaintiff within thirty days after service of the permanent injunction

a report in writing under oath, setting forth in detail the manner and form in which it has complied with the permanent injunction.

c..    For any other relief the Court deems just and equitable.

A TRIAL BY JURY IS HEREBY DEMANDED.

Dated this 20th day of January, 2005.

HANAWAY ROSS, S.C.

By _____
Timothy M. Barber, Bar No. 1036507
Bruce R. Bachhuber, Bar No. 1004680
Attorneys for Plaintiff

Business Address:

    345 South Jefferson Street
    Green Bay, WI 54301-4522
    Telephone No. 920-432-3381